DELIA CONDRA, RESPONDENT, v. NEW JERSEY AND STATEN ISLAND FERRY COMPANY, APPELLANT.

Decided May 7, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the appellant, *William J. Cain.*

For the respondent, *Francis A. Gordon.*

PER CURIAM.

The plaintiff, a woman sixty-two years old, left her home, in Elizabeth, to visit her daughter, who was living on Staten Island. When she reached the Elizabethport ferry of the defendant corporation, she attempted to get on a ferry boat, which was fastened to the pier. There was a bridge connecting the pier with the boat, which was suspended in such a way that it could be raised and lowered to meet the conditions existing at times of high and low tide. The case of the plaintiff was that, as she walked down this bridge and over the apron connecting it with the ferry boat, her heel caught in the space between the apron and what is called the flop, causing her to trip and fall, thereby sustaining the injuries for which she brought suit. The trial resulted in a verdict in her favor, and the defendant has appealed from the judgment entered upon that verdict.

The first grounds upon which we are asked to reverse the judgment are that the verdict of the jury is excessive and that it is contrary to the weight of the evidence. These are matters which cannot be considered on an appeal to this court; they can only be raised on a rule to show cause why the verdict should not be set aside.

The next contention is that the plaintiff's proofs failed to establish facts sufficient to constitute a cause of action. We find nothing in this contention. The proofs very clearly made the question of the defendant's liability one to be passed upon by the jury.

Next, it is argued that the plaintiff failed to prove by a fair preponderance of the evidence that she met with the accident at the time and place described in the complaint. What we have just stated with regard to the first grounds of reversal is dispositive of this point.

Next, it is said that the court committed reversible error in not granting the defendant's motion for a nonsuit, and also in refusing the motion to direct a verdict in its favor. These motions were based upon the contention that there was no proof that the accident was the proximate result of the defendant's negligence. Our examination of the evidence leads us to the conclusion that the question as to whether or not such negligence existed was one of fact, to be determined by the jury, and not one of law, to be determined by the court.

Lastly, it is specified as a ground of appeal that the charge of the court was contrary to law. This does not point out any specific error; but, assuming that it relates to that portion of the charge to which exception was taken, we find it without merit. The only exception asked for on behalf of the defendant was to the instruction of the court that the defendant was obliged to use a high degree of care for the protection of its passengers. It is enough to say in disposing of this last ground of reversal that there is no suggestion in the argument submitted to us that this instruction was erroneous.

The judgment under review will be affirmed, with costs.